UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT E. DYER, | : | Case No. 1:06-cv-222 |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| STATE OF OHIO, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT THIS CASE BE DISMISSED PURSUANT TO THE PENDING SHOW CAUSE ORDER (Doc. 6)**

Plaintiff filed his complaint on April 18, 2006, more than 120 days ago. The record, however, contains no indication that the named defendant has waived service of process, or that plaintiff has served the named defendant with a summons or with a copy of the complaint.

**I.**

On September 26, 2006, plaintiff was Ordered to Show Cause why this case should not be dismissed for lack of service pursuant to Federal Rule of Civil Procedure 4(m).[2]  (Doc. 3.)  Thereafter, on October 13, 2006, plaintiff filed a motion for hearing and for service by the United States Marshal.  (*See* Doc. 4.)

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2]  If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.  Fed. R. Civ. P. 4(m).

Plaintiff's motions were denied, and plaintiff was again Ordered to properly serve a summons and copy of the complaint on defendant within thirty days of the filing date of this order, or show cause, in writing, why service cannot be effected within this time period. (Doc. 6.) The Order further stated that plaintiff's "failure to comply with the terms of this order **shall** result in a report and recommendation to the District Court that plaintiff's claims against the defendant be dismissed for lack of service." *Id*. (*emphasis added*).

Thereafter, on May 11, 2007, plaintiff filed a motion to proceed *in forma pauperis*. However, plaintiff's motion did not include the required application and/or any information indicating his financial status. On June 16, 2007, plaintiff then filed a motion for "misc relief" requesting that his brother be permitted to act as his counsel in this matter. (Doc. 10.) However, plaintiff does not assert that his brother is a licensed attorney. Additionally, on June 19, 2007, plaintiff filed a request for injunctive relief and/or Order for medical treatment. (Doc. 11.)

## II.

As noted above, plaintiff was afforded two opportunities in which to obtain proper service upon defendant or show cause why his case should not be dismissed for failure to prosecute. (Docs. 3, 6.) The Orders to Show Cause also placed plaintiff on notice that a failure to respond to the Order may warrant dismissal of this case pursuant to Rule 4(m) or due to lack of prosecution.

"Unless a named defendant agrees to waive service, the summons continues to be

the sine qua non directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 351 (1999)(original italics). Absent either waiver or proper service of process, this Court does not have personal jurisdiction over the named defendant. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir.1991)(and cases cited therein). Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219-20 (6th Cir.1996); *see also Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D.Ohio 1999); *Campbell v. United States*, 496 F.Supp. 36, 39 (E.D.Tenn.1980).

Here, although plaintiff has filed several motions since the April 20, 2007 Show Cause deadline, the motions are not responsive to the pending Show Cause Order, and plaintiff has failed to effect service of summons and complaint upon the named defendant as required by Rule 4(m) since the complaint was filed, over a year ago. The record contains no indication that the named defendant has waived service. Under these circumstances, although the Court prefers to adjudicate cases on the merits, dismissal of plaintiff's complaint without prejudice is warranted under Fed.R.Civ.P. 4(m). *Turner v. Board of County Com'rs Montgomery County Job and Family Services*, 2007 WL 965616, *1 (S.D.Ohio 2007) (citing *Friedman*, 929 F.2d at 1156.)

## III.

Accordingly, the undersigned hereby **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m), all pending motions be **DENIED** as **MOOT**, and this matter be **CLOSED**.

Date: December 12, 2007                              s/Timothy S. Black
                                                     Timothy S. Black
                                                     United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT E. DYER, | : | Case No. 1:06-cv-222 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| STATE OF OHIO, | : | |
| | : | |
| Defendant. | : | |

# NOTICE

     Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).